Ordered that the order and judgment and the judgment are affirmed, with one bill of costs.

The Supreme Court properly determined that the site plan application of United Water New Rochelle, Inc., dated March 7, 1994, was deemed approved by operation of the Zoning Law of the Town of Eastchester since the Planning Board of the Town of Eastchester (hereinafter the Board) failed to render a determination on the application within the time prescribed by the Zoning Law of the Town of Eastchester (*see* Zoning Law of Town of Eastchester § 11 [G] [3], formerly § 10 [H] [3]; *Matter of Twin Lakes Farms Assoc. v Town Clerk of Town of Bedford,* 215 AD2d 667 [1995]; *Matter of Biondi v Rocco,* 173 AD2d 700, 702 [1991]; *cf. Matter of King v Chmielewski,* 76 NY2d 182, 187-188 [1990]; *Matter of Sun Beach Real Estate Dev. Corp. v Anderson,* 98 AD2d 367, 369 [1983], *affd on op below* 62 NY2d 965 [1984]).

Since the application was deemed approved as a matter of law, the Board's determination dated May 30, 2001, rescinding the negative declaration it issued on November 20, 1995, was improper (*see* 6 NYCRR 617.7 [f] [1]). Accordingly, the Supreme Court properly granted the petition and annulled the determination.

The appellants' remaining contentions are without merit. McGinity, J.P., H. Miller, Crane and Cozier, JJ., concur.

■ LISA VITIELLO, Respondent, v DWIGHT D. JOYCE, Appellant. [770 NYS2d 364]—

In a matrimonial action in which the parties were divorced by judgment dated March 7, 2001, the defendant appeals from so much of an order of the Supreme Court, Rockland County (Weiner, J.), dated February 8, 2002, as granted that branch of the plaintiff's motion which was to direct him to reimburse the plaintiff the sum of $11,099.10 representing the amount paid by the plaintiff to satisfy a judgment against the defendant's corporation.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion which was to direct the defendant to reimburse the plaintiff the sum of $11,099.10 representing the amount paid by the plaintiff to satisfy a judgment against the defendant's corporation is denied.

The plaintiff commenced this action for divorce in August 1999. Pursuant to an order of the Supreme Court, Rockland County, dated May 24, 2000, Wayside Realty, Inc. (hereinafter Wayside), a corporation owned solely by the defendant, transferred a certain piece of real property to the plaintiff. On August 9, 2000, a judgment was entered against Wayside for an unpaid realtor's commission.

In September 2000 the plaintiff and the defendant entered into a stipulation of settlement of the divorce action in which the parties set forth their separate debts; each party agreed to be responsible for her or his respective indebtedness. The debt owed by Wayside was not listed on the husband's statement of net worth, and he retained sole ownership of Wayside pursuant to the parties' stipulation.

On December 19, 2000, in the course of obtaining a mortgage loan for the real property, the plaintiff satisfied the judgment representing the unpaid debt of Wayside. The plaintiff then moved in the divorce action to hold the defendant in contempt for failing to pay this corporate debt, and for a judgment against the defendant for the amount of the satisfied judgment. She relied on the language of their divorce stipulation specifying that each party would be responsible for his or her own indebtedness. The Supreme Court granted that branch of the motion which was to direct the defendant to reimburse her the sum of $11,099.10 representing the amount she paid to satisfy the judgment. We reverse.

While the parties' stipulation of settlement clearly and unambiguously provided that each party would be responsible for his or her own indebtedness, and that neither would make any claim against the other for the payment of any such indebtedness, there is simply no language in the stipulation of settlement, the general releases executed as part of the stipulation of settlement, or the judgment of divorce, requiring the defendant to reimburse the plaintiff for this corporate debt which the plaintiff voluntarily paid and the validity of which the corporation contests. Accordingly, the Supreme Court erred in granting that branch of the plaintiff's motion which was to direct the defendant to reimburse her the sum of $11,099.10 representing the amount she paid to satisfy the judgment. Ritter, J.P., Goldstein, McGinity and Crane, JJ., concur.